UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re: | ) | Case No. 3:07-bk-00218-JAF |
| MICHAEL ANTHONY BREWER, | ) | Chapter 7 |
| Debtor. | ) | |
| ROBERT ALTMAN, AS CHAPTER 7 TRUSTEE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Adversary No. |
| MICHAEL ANTHONY BREWER and JULIE LITTLE BREWER, | ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

Plaintiff, Robert Altman, as Chapter 7 Trustee, sues defendants, Michael Anthony Brewer and Julie Little Brewer, and alleges:

1. This is an action to avoid transfers of property of the debtor pursuant to 11 U.S.C. § 544 and Florida Statutes, § 726.105, to recover the property transferred, or its value, to impose an equitable lien and for other relief as set forth below.

2. Debtor filed his Chapter 7 bankruptcy petition on January 19, 2007.

3. During 2003, debtor transferred $50,000 to purchase a certificate of deposit

which was titled in his own name (the "2003 CD").

4. The 2003 CD was pledged as collateral for a bond issued in connection with a lawsuit against the debtor.

5. During 2004 or 2005, debtor transferred the 2003 CD to himself and his wife, defendant, Julie Little Brewer.

6. Debtor made this transfer with actual intent to hinder, delay or defraud any creditor of the debtor.

7. Alternatively, debtor did not receive a reasonably equivalent value in exchange for the transfer.

8. Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

9. Debtor and Ms. Brewer own real property located at 131 14th Avenue South, Jacksonville Beach, Florida (the "Real Property").

10. On his Bankruptcy Schedule A, debtor listed the value of his interest in the Real Property at $600,000 and listed no liens on such property.

11. On his Bankruptcy Schedule C, debtor claimed the Real Property as exempt as homestead.

12. The trustee has filed an objection to the debtor's claim of exemption in the Real Property on the grounds, among other things, and to the extent that, the property is not exempt pursuant to 11 U.S.C. § 522(o).

13. During October 2006, the bondholder seized the 2003 CD.

14. Mrs. Brewer then borrowed $50,000 on a line of credit secured by the Real Property and used the $50,000 to purchase another certificate of deposit as collateral for the bond.

15. Sometime after October 2006, the bondholder transferred to the debtor and Mrs. Brewer the proceeds from the 2003 CD which were approximately $50,000 (the "2003 CD Proceeds").

16. Debtor and Mrs. Brewer then used the 2003 CD Proceeds to payoff the secured line of credit on the Real Property for which only Mrs. Brewer was liable.

17. If debtor did not transfer the 2003 CD into he and his wife's name, then the 2003 CD Proceeds of approximately $50,000 would have been non-exempt property solely of the debtor which, within several months prior to the petition date, was converted into an exempt asset, and used to pay a debt for which only Mrs. Brewer was liable, with intent to hinder, delay or defraud creditors.

18. Debtor and his wife obtained the 2003 CD from debtor through fraud or egregious conduct.

19. Pursuant to 11 U.S.C. § 522(o), the exemption in the Real Property should be reduced to the extent of the 2003 CD Proceeds used to payoff the secured line of credit on the Real Property.

20. Plaintiff is asserting the rights of Gary C. Lindros and any other creditors listed on the debtor's Bankruptcy Schedule F whose debts arose prior to, or at the time of, the transfers described in this complaint.

WHEREFORE, plaintiff respectfully requests the Court to enter a judgment in favor of plaintiff and against defendants (i) avoiding the transfer of the 2003 CD from debtor to

debtor and his wife; (ii) avoiding the transfer of the 2003 CD Proceeds from debtor to debtor and his wife; (iii) directing debtor and his wife to turnover to plaintiff the amount of the 2003 CD Proceeds; (iv) imposing an equitable lien on the Real Property to secure payment of the amount described above; (v) determining that the Real Property is not exempt to the extent of the amount of the 2003 CD Proceeds; and (vi) granting Court costs and such other relief as is just and proper.

SMITH HULSEY & BUSEY

By _____
Raymond R. Magley

Florida Bar Number 0511056
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
rmagley@smithhulsey.com

Attorney for Plaintiff

00580079